# Third District Court of Appeal
## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2165
Lower Tribunal No. 19-6769CC
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Dasaro Enterprise, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Lydecker LLP, and Michelle Diverio and Janice Lopez, for appellant.

No appearance, for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

PER CURIAM.

Appellant Citizens Property Insurance Company, the defendant below, appeals a series of orders that effectively entered final summary judgment against Citizens in the amount of $2,822.15. The judgment stems from a $5,822.15 invoice that appellee Dasaro Enterprise, Inc. ("Dasaro"), as the assignee of Citizens's insured, sent to Citizens for emergency water mitigation services Dasaro provided at the home of Citizens's insured. The underlying homeowner's insurance policy's "Reasonable Emergency Measures" provision, though, limits to $3000 Citizens's payment obligation for necessary measures taken solely to protect the property from further damage, unless Citizens approves a "request . . . to exceed the [$3,000] limit" within forty-eight hours of receiving a request.[1] Having received no such "request" – other than Dasaro's invoice for work already completed – Citizens paid Dasaro only the $3,000 policy limit.

In May 2019, Dasaro brought this action in the county court for Miami-Dade County, seeking the $2,822.15 difference between its invoice and the policy limit paid to it by Citizens. The trial court entered the challenged orders, accepting Dasaro's arguments below that (i) its invoice for completed

---

[1] This policy provision provides that if Citizens fails to respond within forty-eight hours of its receipt of the insured's request, "[the insured] may exceed the [$3,000] amount . . . only up to the cost incurred by [the insured] for the reasonable emergency measures necessary to protect the covered property from further damage."

repairs was tantamount to the "request" contemplated in the "Reasonable Emergency Repairs" provision; and (ii) because Citizens did not pay, or otherwise respond to, the invoice within forty-eight hours, the "request" was deemed approved.

When the trial court entered the challenged orders, though, neither the parties, nor the trial court, had the benefit of our recent decision in All Insurance Restoration Services, Inc. v. Citizens Property Insurance Corp., 328 So. 3d 1057 (Fla. 3d DCA 2021). All Insurance Restoration Services is controlling and compels us to reverse the challenged orders, and remand for the trial court to enter a final judgment for Citizens. Id. at 1061 ("Seeking payment of an invoice for services already rendered does not equate to requesting authorization to exceed the $3,000 limit. Therefore, although Citizen[s] is required to respond within forty-eight hours to a request to exceed the $3,000 limit for reasonable emergency measures, it is not required to respond to a demand for payment of an invoice for reasonable emergency measures already rendered to an insured. As such, the trial court properly entered final summary judgment in favor of Citizens and against AIRS because under the unambiguous language in the insurance contract, Citizens satisfied its contractual obligations when it submitted the $3,000 check to AIRS.").

3

Reversed[2] and remanded with instructions.

---

[2] One of the orders appealed by Citizens is an October 4, 2021 order that, while not entirely clear, purports to dismiss the case as a mechanism for establishing that Dasaro was the prevailing party in the lower proceeding. We quash, rather than reverse, this October 4, 2021 order.